**In re Paul M. BLACKBURN, Sara E. Blackburn, Debtors.**

**Bankruptcy No. 2–90–03371.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Aug. 9, 1994.

William B. Logan, Jr., Columbus, OH, for debtors.

Todd G. Finneran, Chapter 7 Trustee, Columbus, OH.

Alexander G. Barkan, Office of U.S. Trustee, Columbus, OH.

## ORDER FOR PAYMENT OF FEES AND EXPENSES

CHARLES M. CALDWELL, Bankruptcy Judge.

On June 9, 1994, the Court conducted a hearing on the application for fees and final

report and account filed in this estate. This Order reflects the Court's determination based upon the hearing and based upon its independent review of the bankruptcy file, and final report and account.

At the hearing, the Court questioned Todd G. Finneran, Trustee and Counsel for the Trustee, with reference to the apparent delay in the administration of this case, the failure to utilize interest-bearing accounts, and the assessment of penalties by the Internal Revenue Service. Specifically, the file indicates that the Trustee was appointed on May 18, 1990, and the last funds collected in this estate were received on August 7, 1991, resulting in a balance of $11,313.48. On September 25, 1991, in anticipation of closing, the funds were placed in a noninterest-bearing account until December 31, 1992 (approximately fifteen (15) months), when they were moved back to an interest-bearing account. On November 22, 1993, the funds were returned to a noninterest-bearing account, again in anticipation of closing. Between December 31, 1992, and November 22, 1993 (approximately eleven (11) months), no further funds were collected in this estate, and the only activity was the accrual of interest.

The initial Final Report and Account was submitted to the U.S. Trustee on December 15, 1993, and was subsequently filed with the Court on December 28, 1993, more than three years after the Trustee was appointed. As a result of the Trustee's administration, the sum of $11,646.33 has been collected. After a deduction for administrative expenses, a balance of $8,993.68 will be disbursed to pay the claim of the Internal Revenue Service at a rate of 71.10%. There will be no distribution to any other creditors, assuming all requested fees are allowed.

■ During the course of the hearing, the Trustee and Counsel for the Trustee offered various explanations for the apparent delay in the closing of the case and the utilization of noninterest-bearing accounts. These explanations, as best understood by the Court, include:

The funds in this estate were placed in a noninterest-bearing account in 1991 due to the mistaken belief of an employee of the Trustee that the estate had been fully administered.

Some estate funds were not deposited and/or credited to the correct accounts due to bank errors and errors of the Trustee's staff and accordingly for a period to resolve such difficulties, no funds were moved, including any transfers to interest-bearing accounts.

Unnecessary time and effort was expended reviewing claims that would not be payable in view of the priority claim of the Internal Revenue Service.

■ The Court has determined, without doubting the veracity of these explanations, that they are problems attributable to the Trustee's lack of adequate supervision and/or monitoring of his staff and the financial institution holding estate funds. The Trustee is the only one that has the fiduciary obligation to expeditiously administer estate assets and ensure the best possible return, not Counsel for the Trustee, paralegals working for Counsel and/or the Trustee, or financial institutions that serve as bankruptcy depositories. Under these circumstances, the Court has great difficulty awarding the maximum trustee fee requested in the amount of $529.39.

■ Maximum compensation demands one's best efforts, and the errors offered as an explanation by the Trustee are far below what the Court has observed as the standard of performance of other panel trustees in this District and what the Court, creditors and debtors should expect. Accordingly, the Court has determined that the maximum allowable trustee fee should be reduced by fifty (50) percent, to the amount of $264.70.

■ In addition to the reduction of the Trustee's fee, the Court has also reviewed the fees requested by Counsel for the Trustee. Based upon this review, the Court has determined that the sum of $205.75 should be

deducted on the basis that some tasks billed are Trustee functions separately compensable pursuant to § 326 of the United States Bankruptcy Code.[1] Accordingly, the Court has determined that Trustee's counsel should be awarded the sum of $746.25.

 With reference to the issue of the penalty charge assessed by the Internal Revenue Service for failure to timely file a return in the amount of $138.80, the Trustee stated that he was acting on the advice of his accountant. The Court recognizes that in the past trustees have been accustomed to awaiting the end of the case to file returns; however, it appears that the Internal Revenue Service has become more aware and aggressive with reference to collecting taxes in the bankruptcy context. In the face of this past experience, the Court does not think it appropriate to penalize the Trustee or Accountant for Trustee by reducing their fees. It is hoped that in the future, trustees will become more familiar with the filing requirements and other tax-related issues to avoid the assessment of penalties.

It is hereby ORDERED that the following fees and expenses shall be paid by the Trustee from the estate as follows:

| | |
|---|---|
| Trustee Fees | $264.70 |
| Trustee Expenses | $170.64 |
| Trustee Attorney Fees | $746.25 |
| Trustee Attorney Expenses | $ 31.32 |
| Accountant Fee | $625.00 |
| P & I Due IRS | $138.30 |
| Court Costs: | $99.50 Notices |
| | $ 3.00 Claims |
| Total = | $2,078.71 |

This Order is without prejudice to the right of the Trustee and/or Counsel for

Trustee to move to seek reconsideration or request a hearing within ten days from entry. If such action is not taken, the Trustee shall forthwith proceed to make distribution.

**IT IS SO ORDERED.**

1. The entries deducted and bases for the deductions are as follows:

Telephone conversations/written communications with debtor, creditors, or attorneys regarding general status of case:

Basic negotiation for recovery of assets:

| Date | Time | Person | Rate | Fee |
|---|---|---|---|---|
| 5–23–90 | .30 | TGF | $115 | $34.50 |
| 1–2–91 | .80 | JSF | $ 45 | $36.00 |
| 1–2–91 | .30 | JSF | $ 45 | $13.50 |
| 2–22–91 | .20 | JSF | $ 45 | $ 9.00 |
| 2–22–91 | .30 | JSF | $ 45 | $13.50 |
| 3–10–91 | .40 | TGF | $115 | $46.00 |
| 4–25–91 | .30 | JSF | $ 45 | $13.50 |
| 5–6–91 | .30 | JSF | $ 45 | $13.50 |
| | | | Total | $205.75 |